NUMBER 13-00-758-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


JUANITA HERRERA TOVAR, Appellant,
v.



ETLA TRUST, Appellee.

___________________________________________________________________


On appeal from the 197th District Court of Cameron County, Texas.

__________________________________________________________________



O P I N I O N

Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Yañez



Appellant, Juanita Herrera Tovar appeals a directed verdict granted in favor of appellee, ETLA Trust. We affirm.

Background

In September of 1989, appellant entered into a contract with appellee to purchase a house. (1) Subsequently, appellant
discovered that the house had substantial damage from a fire which had occurred prior to her purchase of the property. She
vacated the house and brought suit against appellee, alleging causes of action under the Texas Deceptive Trade
Practices-Consumer Protection Act ("DTPA"), (2) breach of contract, breach of the duty of good faith and fair dealing, fraud,
and negligent misrepresentation. 

The case went to trial before a jury on August 17, 2000. After appellant rested her case, appellee moved for directed
verdict, arguing that appellant's tort claims were barred by the statute of limitations, and that she had not proven damages
under her contract claims. After hearing testimony from the deputy district clerk, and arguments by both parties, the trial
court granted appellee's motion for directed verdict. 

Appellant challenges the directed verdict in four points of error. In her first two points, appellant argues that the tort claims
were not barred by the statute of limitations because she filed the suit within the limitations period and exerted due
diligence in attempting to serve the defendant with citation within the limitations period. In her third point, appellant
contends that the trial court erred in finding that she had failed to prove that appellee had knowledge of the burned
condition of the building. Finally, appellant avers that the trial court erred in finding that she failed to establish contract
damages.

Directed Verdict Standard of Review

A directed or instructed verdict is proper when: (1) a specifically indicated defect in the opponent's pleadings makes it
insufficient to support a judgment; (2) the evidence conclusively proves a fact that establishes a party's right to judgment as
a matter of law; or (3) the evidence offered on a cause of action is insufficient to raise an issue of fact. Encina P'ship v.
CORENERGY, L.L.C., 50 S.W.3d 66, 68 (Tex. App.-Corpus Christi 2001, pet. denied); City of Alamo v. Casas, 960
S.W.2d 240, 248 (Tex. App.-Corpus Christi 1997, pet. denied); Nelson v. American Nat'l Bank of Gonzales, 921 S.W.2d
411, 414 (Tex. App.-Corpus Christi 1996, no writ). When reviewing a directed verdict, we consider all the evidence in the
light most favorable to the party against which the verdict was rendered and disregard all contrary evidence and inferences.
Quantel Bus. Sys. v. Custom Controls, 761 S.W.2d 302, 303-04 (Tex. 1988); Encina P'ship, 50 S.W.3d at 68; Villarreal v.
Art Inst. of Houston, 20 S.W.3d 792, 796 (Tex. App.-Corpus Christi 2000, no pet.). When no evidence of probative force
on an ultimate fact element exists, the trial court has the duty to instruct the verdict. Encina P'ship, 50 S.W.3d at
68;Villarreal, 20 S.W.3d at 796; Nelson, 921 S.W.2d at 415. A reviewing court must affirm a directed verdict even if the
trial court's rationale for granting the directed verdict is erroneous, provided the verdict can be supported on another basis.
Encina P'ship, 50 S.W.3d at 68; Kelly v. Diocese of Corpus Christi, 832 S.W.2d 88, 90 (Tex. App.-Corpus Christi 1992,
writ dism'd w.o.j.);Hutson v. City of Houston, 418 S.W.2d 911, 914 (Tex. Civ. App.-Houston [14th Dist.] 1967, writ ref'd
n.r.e.).

The Statute of Limitations

Filing a lawsuit does not toll the statute of limitations: the plaintiff must also exercise due diligence in procuring issuance
and service of citation. Gonzalez v. Phoenix Frozen Foods, Inc., 884 S.W.2d 587, 589-90 (Tex. App.-Corpus Christi 1994,
no writ). When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the
statutory period has expired, the date of service relates back to the date of filing if the plaintiff exercised diligence in
effecting service. Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990); Gonzalez, 884 S.W.2d at 589-90. The standard of
diligence is "that diligence to procure service that an ordinarily prudent person would have used under the same or similar
circumstances." Webster v. Thomas, 5 S.W.3d 287, 291 (Tex. App.-Houston [14th Dist.] 1999, no pet.); Gonzalez, 884
S.W.2d at 590. Although the existence of diligence is normally a question of fact, if no excuse is offered for the delay in
service of citation, or the lapse of time and the plaintiff's acts conclusively negate diligence, a lack of diligence will be
found as a matter of law. Webster, 5 S.W.3d at 289;Gonzalez, 884 S.W.2d at 590.

Did appellant exercise due diligence?

Appellant testified at trial that she discovered, in November of 1996, that the house she had purchased in September, 1989,
had extensive fire damage to the roof and walls. Appellant, through her counsel, L. Aron Pena, filed her original petition on
March 17, 1998. (3) Appellee's address is shown in the petition as 800 N. Shoreline, Suite 800, in Corpus Christi, Texas. The
district clerk issued citation on March 17, 1998, listing appellee's address as 800 N. Shoreline, without referring to a suite
number. The citation bears the notation "unserved." The district clerk again issued citation, on April 24, 1998, directing
that the citation be served on "ETLA Trust, by serving Hon [sic] Chip Bonner Attorney and Trustee." The address on the
citation was again given as 800 N. Shoreline, with no mention of a suite number. According to the testimony of Eloy
Cortez, a deputy district clerk, the unserved citation was filed at the clerk's office on May 5, 1998, with the returned
envelope marked that the address was "insufficient." 

On August 6, 1998, after a request by appellant's attorney, the district clerk reissued citation to ETLA Trust, c/o Chip
Bonner, 800 N. Shoreline, Corpus Christi, Texas. Cortez stated that the filing fee for the reissue of citation was eight
dollars, which indicates that appellant's attorney was requesting the service be returned to his office to arrange for personal
service. Cortez testified that when an attorney requests service, the attorney provides the clerk's office with the name and
address of the person to be served. According to Cortez, the address provided to the clerk by appellant's attorney was 800
North Shoreline, without mention of a suite number.

Citation was ultimately served by hand-delivering it to Mr. E. V. Bonner on March 18, 1999, at 800 North Shoreline,
number 800. This service was filed with the district court on March 25, 1999.

Cortez testified that the clerk's record contained an order for dismissal signed by the presiding judge of the district, dated
January 13, 1999. According to Cortez, such a dismissal is typically filed when there is a failure to prosecute a case.
Following a motion by appellant, filed on April 9, 1999, the case was continued on April 30, 1999.

To determine if appellant exercised due diligence, we look at "(1) the time taken to procure citation and/or service and (2)
the type of effort or lack of effort the plaintiff expended in procuring service." Webster, 5 S.W.3d at 290. In this case,
appellant took steps to procure service at the time she filed the lawsuit; however, her attorney gave an incorrect address to
the clerk's office, which resulted in citation not being served. Then, aware that citation had not been served, appellant took
no further steps to procure citation from May 5, 1998 until August 6, 1998. Finally, having requested that the clerk reissue
citation, appellant did not serve the citation until March 18, 1999, a full year after she filed her law suit and over seven
months after citation had been reissued.

This case demonstrates a situation in which the plaintiff did not exercise due diligence to procure issuance of citation and
service. First, appellant gave an incomplete address to the district clerk, which resulted in the first two attempts at service
being unsuccessful. Appellant then took no steps for three months, before requesting that citation be re-issued, with the
service returned to appellant so that appellant could arrange for service by hand delivery. After having citation reissued this
last time, appellant took no action for over seven months, before finally serving appellee by hand. Appellant has not
demonstrated the "diligence to procure service which an ordinarily prudent person would have used under the same or
similar circumstances." See Webster, 5 S.W.3d at 291. We conclude that, as a matter of law, appellant's counsel failed to
use due diligence in procuring the service of citation upon the appellee, and therefore, the statute of limitations was not
tolled. Appellant's first point of error is overruled.

Did the statute of limitations bar appellant's claims?

On appeal, appellant admits that the statute of limitations on her DTPA claims expired in "mid to late November of 1998."
Because we have found that the statute of limitations was not tolled by appellant's filing suit, appellant's DTPA claims are
barred, and the trial court did not err by granting directed verdict as to these claims. (4)

Appellant argues that her causes of action for fraud and breach of contract are subject to a four-year statute of limitations
and, thus, are not barred. The statute of limitations for fraud is four years. Tex. Civ. Prac. & Rem. Code Ann. §
16.004(a)(4) (Vernon Supp. 2001). Contracts are also governed by a four-year statute of limitations. Ingersoll-Rand Co. v.
Valero Energy Corp., 997 S.W.2d 203, 206 (Tex. 1999). The appellant's fraud and breach of contract causes of action were
not barred by the statute of limitations; therefore appellant's second issue is sustained as to the fraud and breach of contract
claims. However, the trial court issued conclusions of law holding that appellant failed to establish elements required by
both those causes of action.

Fraud

The elements of common-law fraud are: (1) a material representation was made; (2) the representation was false; (3) when
the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as
a positive assertion; (4) the representation was made with the intention that it be acted upon by the other party; (5) the party
acted in reliance upon the representation; and (6) the party suffered injury. Johnson & Higgins of Texas, Inc. v. Kenneco
Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998); T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 222
(Tex.1992). A seller of real estate may be found to have committed fraud without actually making an affirmative
representation, if the seller fails to disclose material facts which would not be discoverable by a purchaser exercising
ordinary care and diligence, or which would not be uncovered by a reasonable investigation and inquiry. Smith v. Nat'l
Resort Communities, Inc., 585 S.W.2d 655, 658 (Tex. 1979). However, "a seller has no duty to disclose facts he does not
know. Nor is a seller liable for failing to disclose what he only should have known." Prudential Ins. v. Jefferson Assocs.,
896 S.W.2d 156, 162 (Tex. 1995)(citations omitted). 

In the case now before us, the trial court found that there had been no showing that appellee "knew, reasonably should have
known or [sic] concealed the burned condition of the dwelling" and, therefore, appellant could not prevail on her fraud
action. There is ample evidence that the house had been badly damaged in a fire which occurred in 1977 or 1978, and that
damage was concealed by sheetrock and paint. (5)

However, appellant offered no evidence as to the appellee's knowledge of the damage. Appellant admitted that she did not
know if appellee owned the house when it burned. Appellant offered no evidence at trial to show when appellee took
possession of the house. According to appellant, the only representation made by the person who showed her the house
was that the house was "a good offer for a very small amount of money."

Appellant failed to offer any evidence showing that appellee knew, or should have known, of the damage to the house.
Although appellant offered evidence that the damage to the house had been concealed, she did not provide any evidence or
testimony indicating that appellee was involved in, or was aware of, the concealment. Even viewing the evidence in the
light most favorable to appellant, she has failed to provide any evidence that links appellee to the concealed damage.
Appellant's third point of error is overruled.

Breach of Contract

With her fourth point of error, appellant argues that the trial court erred in finding that she failed to establish damages under
her contract cause of action. To prove breach of contract, a party must show 1) that the plaintiff and defendant had a valid,
enforceable contract, 2) compliance with the terms of the contract, and 3) a breach of that contract. Garner v. Corpus
Christi Nat'l Bank, 944 S.W.2d 469, 476 (Tex. App.-Corpus Christi 1997, writ denied). The plaintiff must further show
that the breach of the contract caused the plaintiff damages. City of Corpus Christi v. Bayfront Assocs., Ltd., 814 S.W.2d
98, 103 (Tex. App.-Corpus Christi 1991, writ denied). The trial court found that appellant failed to establish the amount of
damages "under any proper measure," and further, that appellant had accepted the property "as is." (6) Appellant did not
challenge this holding.

When reviewing a directed verdict, we must affirm the trial court's judgment even if the trial court's rationale for granting
the directed verdict is erroneous, provided the verdict can be supported on another basis. Encina P'ship, 50 S.W.3d at
68;Kelly, 832 S.W.2d at 90; Hutson, 418 S.W.2d at 914. Appellate courts are bound by unchallenged findings of fact. St.
Paul Fire & Marine Ins. v. Vulcraft, 748 S.W.2d 290, 297 (Tex. App.-Tyler 1988, no writ); see Williams v. Henderson, 580
S.W.2d 37, 40 (Tex. App.-Houston [1st Dist.] 1979, no writ)(appellate court bound by unchallenged findings of fact and
conclusions of law). 

The trial court's holding that appellant accepted the property, in writing, "as is" is actually a finding of fact, although it is
misplaced as a conclusion of law. Vulcraft, 748 S.W.2d at 297. This finding is supported by evidence in the form of the
contract for deed, which includes a clause stating that "BUYER has inspected the property and accepts the same in its
present condition." When a party agrees to purchase something "as is", the purchaser is agreeing to make his own appraisal
of the bargain and accept the risk that he may be wrong. Prudential Ins., 896 S.W.2d at 162. The supreme court has held
that a valid "as is" clause prevents a buyer from holding a seller liable if the thing sold turns out to be worth less than the
price paid. Id. 

As noted, appellate courts are bound by unchallenged findings of fact. Vulcraft, 748 S.W.2d at 297. Therefore, we are
bound by the trial court's unchallenged finding that the property was taken subject to an "as is" clause. Because the trial
court's finding that appellant accepted the property "as is", appellant cannot hold appellee liable if the property she
purchased is worth less than the price she paid. Jefferson Assocs., 896 S.W.2d at 162. Because the directed verdict is
supported by this finding, we must affirm a directed verdict even if the trial court was in error in holding that appellant
failed to prove damages. See Encina P'ship, 50 S.W.3d at 68; Kelly, 832 S.W.2d at 90(reviewing court must affirm a
directed verdict even if the trial court's rationale for granting the directed verdict is erroneous, provided the verdict can be
supported on another basis). Appellant's fourth point of error is overruled. 

The judgment of the trial court is AFFIRMED.



 

LINDA REYNA YAÑEZ

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

21st day of February, 2002.



1. The contract for deed lists "Roberto Tovar, and wife, Juanita Herrera Tovar" as the purchasers. Roberto Tovar later
assigned his ownership rights to Juanita Herrera Tovar. Roberto Tovar is neither a party to the lawsuit nor this appeal.

2. Tex. Bus. & Com. Code Ann. § 17.41 (Vernon 1987).

3. Appellant is represented on appeal by the same attorney who represented her at trial.

4. Appellant does not raise any challenge on appeal as to the statute of limitations and her claims of breach of the duty of
good faith and fair dealing, and negligent misrepresentation; therefore any error pertaining to these claims is waived. Tex.
R. App. P. 38.1(e).

5. At trial, appellant offered her own testimony, as well as that of her daughter, Valentina Perez, appellant's husband, Bruce
Melson, a neighbor, Elena Olivares, and Jose Sanchez, a house builder. Melson testified that the fire damage was not
discovered until he attempted to repair the roof, which needed new shingles. Melson stated that some of the damage had
been concealed behind a thick layer of paint. After finding the damage to the roof, Melson discovered that there was fire
damage to the walls of the house. This damage was not noticeable because it was hidden behind the sheetrock. Sanchez
also testified that the sheetrock concealed the damage within the walls. Olivares testified that the house burned in 1977 or
1978.

6. Because the appellant failed to prove her fraud allegations, we do not rule as to the applicability of an "as is" clause in
cases where fraud has been demonstrated.