NUMBER
13-00-778-CV

 

                                  COURT OF
APPEALS

 

                     THIRTEENTH DISTRICT OF
TEXAS

 

                                    CORPUS
CHRISTI

___________________________________________________________________

 

CRANE
CARRIER COMPANY,                                                          Appellant,

 

                                                             v.

 

BOSTROM
SEATING, INC.,                                                                 Appellee.

___________________________________________________________________

 

                                On appeal from
the 94th District Court

                                           of Nueces County, Texas.

__________________________________________________________________

 

                                         O P I N
I O N

 

                Before Chief Justice Valdez and Justices
Hinojosa and Rodriguez

                                         Opinion by Justice Rodriguez

 








Dagoberto Gonzales brought suit against Patrick
Athey and Crane Carrier Co. (ACrane@) for injuries sustained in a rollover
accident that occurred while he was driving a garbage truck manufactured and
sold by Crane.  Crane brought third party
actions for statutory and common law indemnification against component part
manufacturers Bostrom Seating, Inc. (ABostrom@), the manufacturer of the driver=s seat utilized in the garbage truck,
and Beams Industries, Inc. (ABeams@), the manufacturer of the driver=s side seat belt.  The trial court granted directed verdicts on
the issue of indemnity against Crane and in favor of Bostrom and Beams.  The jury failed to reach a verdict on Gonzales=s claims against Crane and Athey, and
the trial court declared a mistrial.  The
trial court thereafter severed Crane=s
indemnity claims against Bostrom, and this appeal ensued.

Crane raises two issues on appeal: (1) the trial
court erred in rendering a directed verdict for Bostrom; and (2) the trial
court erred in refusing to grant Crane=s
motion for new trial and severing Bostrom from the remaining litigation.

We reverse and remand.

                                                               Standard
of Review








A directed verdict is proper when (1) a defect in
the opponent=s
pleading makes the pleading insufficient to support a judgment; (2) the
evidence conclusively proves a fact that establishes a party=s right to judgment as a matter of law;
or (3) the evidence offered on a cause of action is insufficient to raise an
issue of fact.  Encina P=ship v. CORENERGY, L.L.C., 50
S.W.3d 66, 68 (Tex. App.BCorpus
Christi 2001, pet. denied).  We review a
directed verdict in the light most favorable to Crane, as the party against
whom the verdict was rendered, and we disregard all contrary evidence and
inferences.  See Szczepanik v. First
S. Trust Co., 883 S.W.2d 648, 649 (Tex. 1994) (per curiam); Qantel Bus.
Sys., Inc. v. Custom Controls Co., 761 S.W.2d 302, 303 (Tex. 1988); Encina
P=ship,
50 S.W.3d at 68.  We give Crane the
benefit of all reasonable inferences created by the evidence.  Szczepanik, 883 S.W.2d at 649.  If there is any conflicting evidence of
probative value on a theory of recovery, the directed verdict is improper and
the case must be reversed and remanded for a jury determination of that
issue.  Id.; see White v.
Southwestern Bell Tel. Co., 651 S.W.2d 260, 262 (Tex. 1983).

                                                       Common
Law Indemnification

In its motion for directed verdict, Bostrom argued
that Crane was not entitled to common law indemnity because Crane was not an Ainnocent retailer@ or Amerely
a conduit@ for the
driver=s seat in
question.  Bostrom further argued that
the Bostrom driver=s seat
was not defective and there is no evidence that the seat was defective when it
left Bostrom=s
control.  See Duncan v. Cessna
Aircraft Co., 665 S.W.2d 414, 432 (Tex. 1984).  Under Texas common law, a retailer or other
member of the marketing chain may receive indemnity from the manufacturer of
the defective product only when the retailer or other member of the marketing
chain is merely a Aconduit@ for the defective product and is not
independently culpable.  See Casa
Ford, Inc. v. Ford Motor Co., 951 S.W.2d 865, 872 (Tex. App.BTexarkana 1997, pet. denied) (citing Duncan,
951 S.W.2d at 432).  













Bostrom argues that Crane=s
selection of the Bostrom 910 model air-ride seat and installation of the seat
in the garbage truck precludes Crane from qualifying as a mere Aconduit@
and renders it independently culpable in the design and manufacture of the
garbage truck.  According to Bostrom, the
expert testimony adduced at trial shows that Crane defectively designed the
interior and restraint system of the garbage truck by elevating the driver=s seat, thereby creating less headroom
for the driver, placing a thin head liner on the roof of the cab, placing an
unpadded steel engine cover with squared edges between the driver and the
right-side passenger, selecting a two-point seat belt rather than a three-point
shoulder harness, and selecting a driver=s
seat lacking features available on other Bostrom products.  Bostrom further draws our attention to expert
testimony indicating that the Bostrom seat was not itself defective.           However,
in the instant case, there was conflicting testimony regarding the alleged
defectiveness of the design of the garbage truck and the design of its
component parts.  While we agree with
Bostrom that there was testimony admitted at trial that the garbage truck was
defectively designed, and that the design was a cause of the plaintiff=s injuries, there was also evidence
adduced at trial suggesting that the defective design of the Bostrom seat
caused the plaintiff=s
injuries.  Specifically, Gonzales=s expert witness, John Stilson,
testified that the design of Bostrom=s
seat was defective because of its failure to keep height retention in a crash
sequence, its failure to incorporate an arm rest, its failure to have a
headrest, and its failure to have a contoured seat.  As part of the restraint system, Stilson
concluded that the Bostrom seat made the design of the garbage truck
unreasonably dangerous.             Bostrom=s
arguments must fail given the standard of review applicable to a directed
verdict.  The foregoing expert testimony
constitutes conflicting evidence of probative value on a material issue.  See White, 651 S.W.2d at 262.  Thus, we conclude that the trial court
improperly directed the verdict in favor of Bostrom on the issue of common law
indemnity.

                                                           Statutory
Indemnification

In its motion for directed verdict, Bostrom argued
that Crane was not entitled to statutory indemnity because Crane is a
manufacturer, not a seller, and is therefore not entitled to indemnification
under the statutory indemnification scheme provided in the civil practice and
remedies code.  Bostrom specifically
argues that a manufacturer like Crane cannot seek indemnity from a component
parts supplier.  Bostrom contends that
this proposition is supported by the statutory definitions of Aseller@
and Amanufacturer,@ the rule of statutory construction
known as Aejusdem
generis,@ and the
legislative history of the indemnification statute.








When a products liability action is submitted to
the jury on a strict liability theory, the defendant is held liable based on
proof that it placed the product into the stream of commerce and upon further
proof that the defective product was a producing cause of the claimant=s damages.  See Firestone Steel Prods. Co. v. Barajas,
927 S.W.2d 608, 613 (Tex. 1996).  Strict
liability claims are based on the product and, therefore, strict liability
claims may be asserted against Ainnocent
sellers@[1]
who have no culpable responsibility except for their role as an intermediary
seller that merely received a defective product and unknowingly sold it down
the stream of commerce.  See generally
id.  To balance the right of
consumers to sue any party who placed a product into the stream of commerce
against the potential unfairness of subjecting significant financial liability
upon an Ainnocent
seller,@ the
Texas Legislature created a statutory right to indemnification.  See Fitzgerald v. Advanced Spine Fixation
Sys., 996 S.W.2d 864, 868-69 (Tex. 1999). 
The statute protects innocent sellers and places primary liability on
manufacturers, who are usually in a better position to recognize and remedy
defects.  Graco, Inc. v. CRC, Inc. of
Tex., 47 S.W.3d 742, 745 (Tex. App.BDallas
2001, pet. denied); see Fitzgerald, 996 S.W.2d at 868-69.

The seller=s
claim for indemnity under chapter 82 of the civil practice and remedies code is
a statutory cause of action.  Like other
statutory causes of action, the elements of the cause of action must track the
statute.  See Borneman v. Steak &
Ale, Inc., 22 S.W.3d 411, 412 (Tex. 2000)(citing Spencer v. Eagle Star
Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994)).  The statute defines the claim for indemnity
as follows:

A
manufacturer shall indemnify and hold harmless a seller against loss arising
out of a products liability action, except for any loss caused by the seller's
negligence, intentional misconduct, or other act or omission, such as
negligently modifying or altering the product, for which the seller is
independently liable. . . .  The duty to
indemnify under this section . . . applies without regard to the manner in
which the action is concluded . . . and is in addition to any duty to indemnify
established by law, contract, or otherwise.

 








Tex. Civ. Prac. & Rem.
Code Ann. '
82.002(a), (e) (Vernon 1997).  The terms Amanufacturer,@
Aseller,@
and Aproducts
liability action@ are all
expressly defined by statute:

AManufacturer@
means a person who is a designer, formulator, constructor, rebuilder,
fabricator, producer, compounder, processor, or assembler of any product or any
component part thereof and who places the product or any part thereof in the
stream of commerce.

 

ASeller" means a person who is
engaged in the business of distributing or otherwise placing, for any
commercial purpose, in the stream of commerce for use or consumption a product
or any component part thereof. . . .  [A]
wholesale distributor or retail seller who completely or partially assembles a
product in accordance with the manufacturer's instructions shall be considered
a seller.

 

AProducts liability action" means
any action against a manufacturer or seller for recovery of damages arising out
of personal injury, death, or property damage allegedly caused by a defective
product whether the action is based in strict tort liability, strict products
liability, negligence, misrepresentation, breach of express or implied
warranty, or any other theory or combination of theories.

 

Tex. Civ. Prac. & Rem.
Code Ann. ''
82.001(2), (3), (4), 82.002(b), (g) (Vernon 1997).

  Under the
express terms of the act, Crane qualifies as a seller because it placed the
product, the vehicle, in the stream of commerce, and Bostrom qualifies as a
manufacturer because it manufactured a component part thereof. There is nothing
in the act that provides that an entity must qualify as either a seller or a
manufacturer, but not both.  Such a
proposition is fundamentally untenable. 
Manufacturers sell their products. 
Sellers may or may not be manufacturers, as for example, a car
dealership would qualify as a seller but not a manufacturer.  








Bostrom argues that the statutory interpretation
rule of ejusdem generis precludes manufacturers from falling within the
statutory definition of Aseller.@ 
The rule of ejusdem generis states that, when general words follow a
designation of particular classes or things, the particular designations
restrict the meaning of the general terms. 
Martin v. Harris Cty. Appraisal Dist., 44 S.W.3d 190, 195 (Tex.
App.BHouston
[14th Dist.] 2001, pet. denied); see Dawkins v. Meyer, 825 S.W.2d 444,
447 (Tex. 1992).  According to Bostrom,

In
the present case the doctrine of ejusdem generis requires that ' 82.001(3)=s
>otherwise placing, for any
commercial purpose, in the stream of commerce=
language be construed in light of the more specific >business
of distributing= language
that immediately precedes it.

  

Bostrom=s
argument must fail.  The statutory
language, Ain the
business of distributing or otherwise placing, for any commercial purpose, in
the stream of commerce for use or consumption a product or any component part
thereof,@ is
self-referential, and does affect the statutory definition of a
manufacturer.  Moreover, we do not apply
statutory rules of interpretation to clear and unambiguous language.  See State v. Hodges, ___ Tex. Sup. Ct.
J. ___, 2002 Tex. LEXIS 122, *8-*9 (Aug. 21, 2002).








Finally, Bostrom argues that the statute=s legislative history does not support
Crane=s
contention that it is a Aseller.@ 
According to Bostrom, because Athe
legislative history contains no indication that the legislature was intending
to expend the class of persons (i.e., sellers) to whom statutory indemnity
could be awarded, this Court should conclude that the legislature did not
intend to extend the right to indemnification beyond the >innocent product retailers= who were indemnified under common law.@ 

In contrast to Bostrom=s
argument, the Texas Supreme Court has noted that Athe
state of the common law sheds little light on what the Legislature intended@ when it defined Aseller@
and required manufacturers to indemnify sellers.  Fitzgerald, 996 S.W.2d at 868.  In fact, the statute itself Aunambiguously requires indemnification
of certain sellers@ and A[a]nyone who qualifies as a >seller=
may seek indemnification, subject to the limitations of section 82.002(a).@ 
Id. at 867.

The consequence of Bostrom=s
interpretation would be that a manufacturer, even if completely innocent in the
design and manufacture of a component part of its product, could not obtain
statutory indemnification from a component parts supplier who supplied a
defective component part. 

We conclude that the trial court erred in granting
a directed verdict on Crane=s
action for statutory indemnification. 
Accordingly, we sustain Crane=s
first issue on appeal. 

                                                  Motion
for New Trial and Severance








In its second issue, appellant argues that the
trial court erred in refusing to grant its 
motion for new trial and severing Bostrom from the remaining
litigation.  We have already determined
that the trial court erred in granting the directed verdict in favor of Bostrom
and against Crane.  Thus, the trial court
erred in refusing to grant the motion for new trial.  We next determine the propriety of the trial
court=s action
in severing the directed verdict. 
According to Crane, the issues in the underlying product action and the
indemnity actions are interwoven, and it would be unfair to the parties to
require a separate trial on indemnification alone.  

The trial court has broad authority to determine
whether or not to sever a matter, and its decision to grant or deny a severance
will not be reversed on appeal absent an abuse of discretion.  Liberty Nat=l
Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996).  A claim is properly severable if (1) the
controversy involves more than one cause of action, (2) the severed claim is
one that would be the proper subject of a lawsuit if independently asserted,
and (3) the severed claim is not so interwoven with the remaining action that
they involve the same facts and issues.  Guar.
Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex.
1990).   Contrary to Crane=s argument, the severed claim is not so
interwoven with the remaining action that it involves the same facts and
issues.  Cf. Plas-Tex, Inc. v. U.S.
Steel Corp., 772 S.W.2d 442, 446 (Tex. 1989) (right for indemnity not
interwoven with or dependent on underlying action).








Indemnification actions may be brought as part of
the underlying product case, or they may be brought as a separate action.  Cf. Meritor Auto, Inc. v. Ruan Leasing Co.,
44 S.W.3d 86, 87 (Tex. 2001) (same action) and Fitzgerald, 996 S.W.2d at
864 (separate action).  In fact, the
statutory scheme underlying a product liability claim for indemnification
implicitly recognizes that indemnification actions may be brought separate and
apart from the underlying product liability claim.  See, e.g., Tex. Civ. Prac. & Rem. Code Ann. '
82.002 (duty to indemnify applies without regard to manner in which action is
concluded; damages found by a jury are deemed reasonable).  

Crane further contends that Texas Rule of Civil
Procedure 41 does not permit a trial court to sever a case after it has been
submitted to the trier of fact.  Tex. R. Civ. P. 41; see State
Dep=t of
Highways & Pub. Transp. v. Cotner, 845 S.W.2d 818, 819 (Tex. 1993) (per
curiam).  In the instant matter, the case
was called to trial on October 23, 2000. 
Crane rested on November 6, 2000, and the trial court granted Bostrom=s motion for directed verdict that same
day.  The charge was given to the jury on
November 7, 2000, and the jurors began deliberations on November 8, 2000.  Bostrom filed its motion for severance on
November 20, 2000, and the trial court granted the severance on November 27,
2000.

The severance in the instant case was granted
after submission of the case to the jury, and was therefore improper.  See Tex.
R. Civ. P. 41; Cotner, 845 S.W.2d at 819.  Nevertheless, the trial court retains
discretion to grant a partial new trial under rule 320 of the Texas Rules of
Civil Procedure.  See Cotner, 845
S.W.2d at 819.  Rule 320 provides for new
trials on Apart of
the matters in controversy,@
if such part is Aclearly
separable without unfairness to the parties.@  Id.; see Tex. R. Civ. P. 320. 
Similarly, rule 44.1(b) of the appellate rules provides that if an error
affects part of, but not all, the matter in controversy and that part is
separable without unfairness to the parties, the judgment must be reversed and
a new trial ordered only as to the part affected by the error.  Tex.
R. App. P. 44.1(b).  








Appellant has failed to show that a partial new
trial would result in unfairness to the parties.  The trial court did not abuse its discretion
in ordering the severance.  We overrule Crane=s second issue on appeal.

                                                                      Conclusion

The judgment of the trial court is reversed, and
the cause remanded for trial.

NELDA V. RODRIGUEZ

Justice

 

Publish.

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed

this
19th day of September, 2002.

 











[1]Plaintiffs in strict liability cases are given the right to
sue any party in the stream of commerce C even Ainnocent sellers@ C based on the public policy that consumers may not know the
identity of a product=s manufacturer or may not have legal recourse against such
manufacturers but the seller of the product is generally more easily identified
and subjected to the jurisdiction of local courts.  Oasis Oil Corp. v. Koch Refining Co.,
60 S.W.3d 248, 253 n.1 (Tex. App.BCorpus Christi 2001, pet. denied).