

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00211-CV

**JOELLA D. PRUITT AND ALL OCCUPANTS
OF 425 TIERRA LANE, WAXAHACHIE, TX 75167,**

                                                                    **Appellants**

 **v.**

**PAMELA D. SCOTT,**

                                                                    **Appellee**

**From the County Court at Law
Ellis County, Texas
Trial Court No. 18-C-3399**

## MEMORANDUM OPINION

In this forcible-entry-and-detainer action, appellants, Joella D. Pruitt and all occupants of 425 Tierra Lane, Waxahachie, Texas 75167, challenge a judgment entered in favor of appellee, Pamela D. Scott. Because we overrule all of appellants' issues on appeal, we affirm.[1]

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we only recite those necessary to the disposition of the case. *See* TEX. R. APP. P. 47.1, 47.4.

# I. THE SUBSTITUTE TRUSTEE'S DEED

In their first issue, appellants complain that the trial court abused its discretion by overruling their objection and admitting a conclusory portion of appellee's substitute trustee's deed. Specifically, appellants argue that the following portion of the substitute trustee's deed was conclusory and, thus, should not have been admitted: "Lender and Substitute Trustee have satisfied all requirements of the Deed of Trust and applicable law for enforcement of the power of sale contained in the Deed of Trust and for the sale of the Property . . . ."

## A. Applicable Law

The admission or exclusion of evidence rests in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). In determining whether there was an abuse of discretion, we must ascertain whether the trial court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

For the admission or exclusion of evidence to constitute reversible error, the complaining party must show that: (1) the trial court committed error; and (2) the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1; *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009). We review the entire record to determine if the error probably resulted in the rendition of an improper judgment. *Cent.*

*Expressway Sign Assocs.*, 302 S.W.3d at 870. Typically, a successful challenge to a trial court's evidentiary ruling requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995).

**B.      Discussion**

Assuming, without deciding, that the trial court erred by admitting the complained-of portion of the substitute trustee's deed, we cannot say that appellants have adequately explained how the admission of this evidence caused the rendition of an improper judgment in this forcible-detainer action.

To prevail and obtain possession in a forcible-detainer action, the law requires appellees to show:  (1) the substitute trustee conveyed the property by deed to appellees after the foreclosure sale; (2) the deed of trust signed by appellants established a landlord-tenant relationship between appellants and appellees; (3) appellees gave proper notice to appellants to vacate the premises; and (4) appellants refused to vacate the premises. *U.S. Bank Nat'l Assoc. v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.); *see* TEX. PROP. CODE ANN. §§ 24.002(a)(2), (b), 24.005 (West 2014 & Supp. 2018).

Furthermore, the First Court of Appeals has stated the following in a substantially-similar situation:

> A plaintiff in a forcible detainer action is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a

superior right to immediate possession. Under well-settled law, a deed of trust that establishes a landlord-tenant relationship between the borrower and the purchaser of the property at the foreclosure sale demonstrates such a superior right to possession. . . .

The deed of trust makes Bierwirth a tenant at sufferance in the event of foreclosure if she fails to surrender possession of the property. Although Bierwirth disputes the propriety of the foreclosure, there is no dispute that HSBC did foreclose and that Bierwirth failed to surrender the property. Thus, Bierwirth became a tenant at sufferance, and this landlord-tenant relationship gives AH4R a basis for its forcible detainer action independent of its claim to title in the property. The justice court and county court therefore did not need to determine whether HSBC satisfied all conditions precedent to the tenancy-at-sufferance clause or properly executed the foreclosure sale.

*Bierwirth v. AH4R I TX, LLC*, No. 01-13-00459-CV, 2014 Tex. App. LEXIS 11925, at **11-13 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014, no pet.) (mem. op.).

The evidence complained about in this issue was not essential in this forcible-detainer action. Rather, the complained-of evidence is more relevant to appellants' wrongful-foreclosure suit, not this forcible-detainer action. Accordingly, we cannot conclude that the trial court's purportedly erroneous evidentiary ruling regarding the substitute trustee's deed caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1; *see also Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870; *Able*, 35 S.W.3d at 617; *Alvarado*, 897 S.W.2d at 753-54. Therefore, any error in this issue is harmless. *See* TEX. R. APP. P. 44.1; *see also Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870; *Able*, 35 S.W.3d at 617; *Alvarado*, 897 S.W.2d at 753-54. We overrule appellants' first issue.

## II. APPELLANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

In their second issue, appellants assert that the trial court erred by denying their motion for judgment as a matter of law. Specifically, appellants argue that appellee failed to present sufficient evidence that: (1) she provided fair notice of intent to terminate appellants' right of occupancy; (2) she provided appellants with notice prior to acceleration; (3) she satisfied the condition precedent under the deed of trust; and (4) a landlord-tenant relationship existed between appellee and appellants.

### A. Applicable Law

At trial, appellants moved for judgment in the form of a directed verdict. We review the grant or denial of a directed verdict under the same standard that we review a legal-sufficiency point. *See U.S. Invention Corp. v. Betts*, 495 S.W.3d 20, 23 (Tex. App.—Waco 2016, pet. denied). In reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). To sustain a legal-sufficiency challenge, we must find that: (1) there is a complete lack of evidence of a vital fact; (2) the court is barred by the rules of evidence or law from giving weight to the only evidence offered to prove a vital fact; (3) there is no more than a scintilla of evidence to prove a vital fact; or (4) the evidence conclusively establishes the opposite of a vital fact. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 903 (Tex. 2004).

A directed verdict is proper when: (1) a defect in the opponent's pleading makes the pleading insufficient to support a judgment; (2) the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law; or (3) the evidence offered on a cause of action is insufficient to raise an issue of fact. *Encina P'ship v. Corenergy, L.L.C.*, 50 S.W.3d 66, 68 (Tex. App.—Corpus Christi 2001, pet. denied). The trial court should enter a directed verdict when reasonable minds can only draw one conclusion from the evidence. *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 483 (Tex. 1984).

**B.     Discussion**

Notwithstanding that this issue is arguably multifarious, we will address appellants' argument that the notice terminating the right of occupancy did not provide fair notice to appellants. *See In re S.K.A.*, 236 S.W.3d 875, 894 (Tex. App.—Texarkana 2007, pet. denied) (observing that a multifarious issue or point of error is one that raises more than one specific ground of error); *see also Rich v. Olah*, 274 S.W.3d 878, 885 (Tex. App.—Dallas 2008, no pet.) (noting that courts may disregard any assignment of error that is multifarious; however, courts may consider a multifarious issue if it can be determined, with reasonable certainty, the error about which appellant wants to complain).

Section 24.005(b) of the Property Code provides that "the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a

written lease or agreement." TEX. PROP. CODE ANN. § 24.005(b) (West Supp. 2018). In the instant case, the record demonstrates that appellee provided appellants with a notice to vacate on February 26, 2018, but did not file this forcible-detainer action until more than a month later on April 4, 2018. As such, we cannot say that appellee violated the notice requirement of section 24.005(b) of the Property Code. *See id.*

With regard to appellants' remaining three arguments in the second issue, we note that none of them are relevant in a forcible-detainer action. As noted above, the sole issue in a forcible-detainer action involves who has the right to immediate possession of the premises. *See* TEX. R. CIV. P. 510.3(e); *Aguilar*, 72 S.W.3d at 732. Appellants' remaining three arguments in this issue address the propriety of the foreclosure sale, which is not at issue in a forcible-detainer action. Moreover, the deed of trust made appellants tenants at sufferance in the event they refused to surrender the property after a foreclosure sale. There is no dispute that the property was sold at a foreclosure sale and that appellants refused to surrender the property. As such, appellants became tenants at sufferance, and this landlord-tenant relationship gave appellees a basis for their forcible-detainer action independent of any claim to title in the property. *See* TEX. R. CIV. P. 510.3(e); *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) (holding that allegations concerning defects in the foreclosure process or with title to the property "are not relevant in [a] forcible detainer action."); *Aguilar*, 72 S.W.3d at 732; s*ee also Bierwirth*, 2014 Tex. App. LEXIS 11925, at **11-13. Accordingly, the trial court did not

need to determine the propriety of the foreclosure sale or the satisfaction of all conditions precedent to the tenancy-at-sufferance clause in this forcible-detainer action. *See* TEX. R. CIV. P. 510.3(e); *Williams*, 315 S.W.3d at 927; *Aguilar*, 72 S.W.3d at 732; s*ee also Bierwirth*, 2014 Tex. App. LEXIS 11925, at **11-13. Thus, we cannot conclude that the trial court erred by failing to direct a verdict in appellants' favor. *See City of Keller*, 168 S.W.3d at 822; *Ramirez*, 159 S.W.3d at 903; *Betts*, 495 S.W.3d at 23; *Encina P'ship*, 50 S.W.3d at 68. We overrule appellants' second issue.

### III.    THE TRIAL COURT'S JUDGMENT

In their third issue, appellants contend that the trial court erred by entering judgment in favor of Ronald Scott, despite the fact that it was only appellee who purchased the property at the foreclosure sale. Assuming, without deciding, that the trial court erred by including Ronald as a party to the judgment, the error would be harmless as it could not possibly have caused any harm to appellants. *See* TEX. R. APP. P. 44.1(a)(1). As such, we overrule appellants' third issue.

### IV.    APPELLANT'S REPLY BRIEF

In their reply brief, appellants reargue the issues raised in their original appellate brief and add a new argument—that the issue of possession is intertwined with the issue of title. We need not address this argument because an issue raised for the first time in a reply brief is ordinarily waived and need not be considered. *See* TEX. R. APP. P. 38.3; *see also In re Roy*, 249 S.W.3d 592, 595 (Tex. App.—Waco 2008, pet. denied) (citing *Zamarron*

*v. Shinko Wire Co.*, 125 S.W.3d 132, 139 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)). However, even if this issue had been properly raised in appellants' original appellate brief, for the reasons expressed in *Roberts v. HRL Procurement LLC*, this contention lacks merit. *See* No. 10-18-00275-CV, 2019 Tex. App. LEXIS 2888 at **14-16 (Tex. App.—Waco Apr. 10, 2019, no pet. h.) (mem. op.).

## V.   CONCLUSION

Having overruled all of appellants' issues on appeal, we affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed
Opinion delivered and filed April 24, 2019
[CV06]

