U.S. BANK NATIONAL ASSOCI-
ATION, Trustee, Appellant,

v.

Ananias FREENEY and/or All Oc-
cupants of 1406 E. 9th Street,
Dallas, Texas, Appellee.

No. 05–07–01537–CV.

Court of Appeals of Texas,
Dallas.

Sept. 30, 2008.

Jack O'Boyle, Jack O'Boyle, Jack O'Boyle and Associates, Dallas, for Appellant.

Thomas H. Keen, Mastrogiovanni Schorsch & Mersky, Dallas, for Appellee.

Before Chief Justice THOMAS and Justices BRIDGES and FITZGERALD.

## OPINION

Opinion by Chief Justice THOMAS.

Appellant U.S. Bank National Association, Trustee, appeals the trial court's judgment granting appellee Ananias Freeney possession of certain premises in Dallas, Texas. In two points of error, appellant contends the trial court erred in awarding appellee possession of the premises and attorney's fees.

### Factual and Procedural Background

Appellee was record title owner of the property located at 1406 East 9th Street in Dallas. After he defaulted on the note securing the property, the original mortgagee, New Century Mortgage Corporation, declared appellee in default. Pursuant to the deed of trust securing the note, appellant as current mortgagee foreclosed on the property and appointed a substitute trustee. The substitute trustee conducted a foreclosure sale, and appellant acquired the property at the substitute trustee's sale. Among its provisions, the "Texas Home Equity Security Instrument (First Lien)" deed of trust required appellee to immediately surrender possession of the property to the purchaser at the substitute trustee's sale.

Appellee failed to vacate the property and appellant instituted this forcible detainer suit in a justice court. The justice court judge awarded possession to appellant. Appellee filed an appeal with the county court at law.[1] Following a trial de novo, the county court judge awarded appellee possession of the property and attorney's fees. The trial judge also entered findings of fact and conclusions of law. This appeal ensued.

---

1. Appellant sued appellee and all occupants of the property. No appeal was brought by any occupants other than appellee.

## Standard of Review

■■■■ In its first issue, appellant asserts the trial judge erred as a matter of law in awarding possession of the property to appellee. A party challenging the legal sufficiency of an adverse finding on an issue on which that party had the burden of proof at trial must demonstrate on appeal that the evidence conclusively established, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex.2001) (per curiam). In reviewing a matter of law challenge, we first examine the record for evidence that supports the adverse finding, while ignoring all evidence to the contrary. *Id.* (citing *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989)). We indulge every reasonable inference to support the finding, crediting favorable evidence if a reasonable jury could and disregarding contrary evidence unless a reasonable jury could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 807, 822 (Tex. 2005). If there is no evidence to support the adverse finding, we then examine the entire record to determine if the contrary proposition is established as a matter of law. *Dow Chem.,* 46 S.W.3d at 241 (citing *Sterner,* 767 S.W.2d at 690). We sustain the point of error only if the contrary proposition is conclusively established. *Dow Chem.,* 46 S.W.3d at 241 (citing *Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983)).

## Discussion

■■■■ In an action of forcible detainer, the only issue shall be as to the right to actual possession, and the merits of the title shall not be adjudicated. Tex.R. Civ. P. 746; *see Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice,* 51 S.W.3d at 709.

To prevail and obtain possession in its forcible detainer action, the law requires appellant to show: (1) the substitute trustee conveyed the property by deed to appellant after the foreclosure sale; (2) the deed of trust signed by appellee established a landlord-tenant relationship between appellant and appellee; (3) appellant gave proper notice to appellee that it required him to vacate the premises; and (4) appellee refused to vacate the premises. Tex. Prop.Code Ann. §§ 24.002(a)(2), 24.002(b), 24.005 (Vernon 2000); *see also Villalon v. Bank One,* 176 S.W.3d 66, 71 (Tex.App.-Houston [1st. Dist.] 2004, pet. denied); *Dormady v. Dinero Land & Cattle Co., L.C.,* 61 S.W.3d 555, 558 (Tex.App.-San Antonio 2001, pet. dism'd w.o.j.). To satisfy those requirements, appellant relied on three documents entered into evidence without objection (certified copy of substitute trustee's deed, certified copy of the deed of trust, and copy of the certified mail notice to vacate and demand for possession sent to appellee) and appellee's stipulation.

■■■■ The certified copy of the substitute trustee's deed establishes the substitute trustee conveyed the property at 1406 East 9th Street in Dallas to appellant and appellant was entitled to possession of the property. *See Rice,* 51 S.W.3d at 711. The deed of trust required appellee to immediately surrender possession of the property to appellant as the purchaser at the sale and further provided that failure to surrender possession would cause appellee to become a "tenant at sufferance." The foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship between appellee and appellant, and that landlord-tenant relationship provides a basis for determining

the right to immediate possession. *See Rice,* 51 S.W.3d at 711; *Villalon,* 176 S.W.3d at 71 (superior right to possession may occur in context of a landlord-tenant relationship arising after a foreclosure sale under a deed of trust). The certified mail notice to appellee provided proof that appellant required appellee to vacate the premises. *See* TEX. PROP.CODE ANN. §§ 24.002(b); 24.005. Appellee stipulated he was in possession of the property.

A statutory county court has no jurisdiction to adjudicate title to real estate in a de novo trial following an appeal of a forcible detainer suit from justice court. *Rice,* 51 S.W.3d at 705. Although appellee claims title and possession are necessarily intertwined, his argument is not supported by the cases. The types of cases which preclude forcible detainer actions because of interconnected title and possession issues are unlike this case. *See, e.g., Guyer v. Rose,* 601 S.W.2d 205, 205–06 (Tex.Civ.App.-Dallas 1980, writ ref'd n.r.e.) (upholding enjoinder of forcible detainer suit because right to possession depended on compliance with contract for sale); *Gentry v. Marburger,* 596 S.W.2d 201, 203 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.) (title was directly involved in possession issue when possession based on assertion of life estate or adverse possession).

We have reviewed all of the evidence to determine whether appellant established it is entitled to possession of the property as a matter of law. *See Dow Chem.,* 46 S.W.3d at 241. Nothing in the record controverts appellee's stipulation and the legal documents appellant entered into evidence.[2] We conclude the evidence is legally insufficient to support the award of possession to appellee and appellant estab-

lished as a matter of law that it is legally entitled to possession of the premises. Accordingly, the county court erred in awarding possession to appellee. We sustain appellant's first issue, reverse the court's judgment, and render judgment that appellant is entitled to possession.

In its second issue, appellant contends the trial court erred in awarding attorney's fees to appellee, because there is no evidence regarding attorney's fees. We agree with appellant. The trial court's conclusion of law states appellee is entitled to attorney's fees pursuant to section 24.006 of the property code. *See* TEX. PROP.CODE ANN. § 24.006 (Vernon 2000). Section 24.006(c) provides in pertinent part that if a written lease entitles the tenant to recover attorney's fees, the prevailing tenant is entitled to recover reasonable attorney's fees from the landlord. *See* TEX. PROP.CODE ANN. § 24.006(c). Appellee presented no evidence of a written instrument entitling appellee to attorney's fees or of the amount of attorney's fees appellee incurred. Moreover, having reversed the judgment in favor of appellee, he is no longer a prevailing party. Accordingly, we sustain appellant's second issue, reverse the award of attorney's fees to appellee, and render judgment appellee take nothing on his claim for attorney's fees.

We reverse the trial court's judgment and render judgment that appellant is entitled to possession of the property located at 1406 East 9th Street in Dallas and appellee take nothing on his claim for attorney's fees.

---

**2.** Appellee entered into evidence a warranty deed for property located at 2539 Kathleen Avenue, which is not at issue in this case and which is no evidence to support the trial court's judgment.