REVERSE and RENDER; Opinion Filed March 19, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-12-00100-CV

## ONEWEST BANK, FSB, Appellant

## V.

## CLARK R. CARMAN AND ALL OTHER OCCUPANTS, Appellees

On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-10-06587-A

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Moseley

OneWest Bank, FSB filed a forcible detainer action against Clark R. Carman and all other

occupants of a residential property. The justice court entered judgment in OneWest's favor. Carman

appealed to the county court at law, which conducted a trial de novo and entered judgment in

Carman's favor. OneWest asserts three arguments in this appeal, including the trial court erred by

ignoring an independent basis for adjudicating possession of the property.

The background and facts of the case are well-known to the parties; thus, we do not recite

them here. Because all dispositive issues are settled in law, we issue this memorandum opinion.

TEX. R. APP. P. 47.2(a), 47.4. We sustain OneWest's third issue, reverse the trial court's judgment,

and enter judgment in favor of OneWest for immediate possession of the property.[1]

OneWest acquired the property located at 532 Winchester Drive, Richardson, Texas 75080 (the Property) at a foreclosure sale. After unsuccessfully attempting to remove Carman and any other persons living in the Property, OneWest filed a forcible detainer action.

The trial court admitted four exhibits offered by OneWest: a certified copy of the deed of trust executed by Carman that encumbered the Property; a certified copy of the substitute trustee's deed; and the notices to vacate the Property that OneWest served on Carman and other occupants of the Property (along with proof of service of the notices). Carman also testified and offered into evidence a copy of a document titled "Assignment of Note and Transfer of Leins." The Assignment, admitted over OneWest's objection, showed it had been executed after the foreclosure sale with an effective date before the foreclosure sale.

After the exhibits were admitted and Carman testified, the trial judge concluded: "I don't think you [OneWest] had the right to possess at the time that you took [the Property]. I don't think you're precluded from going through the process again now that you actually have the paperwork in place. That being the case, I'm going to find for the defendant." The trial court entered judgment in Carman's favor.

In its third issue, OneWest argues the trial court erred by ignoring the parties' agreement in the deed of trust that, in the event of a foreclosure, Carman would become a tenant-at-sufferance and OneWest would be entitled to institute a court proceeding to remove him (and others) from the Property. OneWest's claim to immediate possession of the Property is based on section 22 of the deed of trust, which states:

---

[1] As a result of our conclusion as to OneWest's third issue, we need not address its first or second issue. *See* TEX. R. APP. P. 47.1.

> If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

The only issue in a forcible detainer action is the entitlement to actual and immediate possession of real property. Whether a party has title shall not be adjudicated. *See* TEX. R. CIV. P. 746; *Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App.—Dallas 2011, pet. denied). A forcible detainer action is dependent on proof of a landlord-tenant relationship; without a landlord-tenant relationship, the trial court cannot determine the issue of immediate possession without also determining the owner of the property. *Dass, Inc. v. Smith*, 206 S.W.3d 197, 200 (Tex. App.—Dallas 2006, no pet.).

The deed of trust expressly established a landlord and tenant-at-sufferance relationship between Carman (and any other tenant of the Property) and OneWest beginning as of the date of the foreclosure sale. *See Rice v. Pinney*, 51 S.W.3d 705, 712 (Tex. App.—Dallas 2001, no pet.). "This landlord-tenant relationship provided an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property." *Id.*; *see also Bruce*, 352 S.W.3d at 893-94 (concluding similar provision in deed of trust established landlord-tenant relationship that served as independent basis for determining right to immediate possession without resolving title issue); *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 25-26 (Tex. App.—Dallas 2008, no pet.) (same). The documents OneWest offered and the trial court admitted, including the deed of trust and the substitute trustee's deed, proved OneWest was entitled to immediate possession of the Property as a matter of law. We sustain OneWest's third issue.

We reverse the trial court's judgment and render judgment of possession in favor of OneWest.

_____
JIM MOSELEY
JUSTICE

120100F.P05

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ONEWEST BANK FSB, Appellant

No. 05-12-00100-CV     V.

CLARK R. CARMAN AND ALL OTHER
OCCUPANTS, Appellees

Appeal from the County Court at Law No. 1
of Dallas County, Texas. (Tr.Ct.No. Cause
No. CC-10-06587-A).
Opinion delivered by Justice Moseley,
Justices Fillmore and Myers participating .

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and judgment is **RENDERED** that OneWest Bank, FSB is entitled to immediate
possession of the property located at 532 Winchester Drive, Richardson, Texas 75080.  It is
**ORDERED** that appellant OneWest Bank, FSB recover its costs of this appeal from appellees
Clark R. Carman and all other occupants.

Judgment entered March 19, 2013.


_____
JIM MOSELEY
JUSTICE