**Affirmed and Opinion Filed January 17, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01354-CV

### AGNES PHILLIPS, Appellant
### V.
### FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-04279-B**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Bridges

In this forcible detainer action, appellant Agnes Phillips appeals the trial court's judgment in favor of appellee Federal National Mortgage Association (Fannie Mae). On appeal, she appears to challenge underlying summary judgments previously decided against her in this Court[1] and whether she received adequate notice pursuant to section 24.005 of the Texas Property Code to vacate the Property at issue. After liberally construing Phillip's pro se amended appellate brief, we conclude she has not shown reversible error and affirm the trial court's judgment.

---

[1] *See Phillips v. Nationstar Mortg., LLC*, No. 05-15-01332-CV, 2017 WL 1908621 (Tex. App.—Dallas May 9, 2017) (mem. op.).

## Background

In 2006, Phillips purchased the Property at issue by obtaining a loan secured by a deed of trust. In February 2011, she filed for Chapter 13 bankruptcy. The bankruptcy case was dismissed and reinstated multiple times.

After a December 2013 bankruptcy dismissal, Nationstar Mortgage LLC sent Phillips a notice of acceleration and substitute trustee's sale for the Property. On January 7, 2014, Nationstar purchased the Property at issue for $178,093.86. Nationstar conveyed the property to Fannie Mae by warranty deed on January 30, 2014.

Fannie Mae initiated eviction proceedings in early January 2015. Phillips then filed suit seeking to quiet title to the Property and to enjoin the eviction proceedings. Nationstar and Fannie Mae filed a traditional and no-evidence motion for summary judgment arguing Phillips received proper notices and the automatic bankruptcy stay was not in effect at the time of the necessary foreclosure proceedings and the foreclosure sale. Phillips did not respond to these motions, and the trial court granted judgment in favor of Nationstar and Fannie Mae. Phillips appealed the summary judgments arguing the property was listed in her bankruptcy filing as her homestead, and "she assumed it was protected from foreclosure."

While that case was pending on appeal in this Court,[2] Fannie Mae sent Phillips a notice to vacate and demand for possession on June 17, 2016. After Phillips refused to vacate, Fannie Mae filed its original petition for forcible detainer on August 26, 2016.

During trial, Fannie Mae offered into evidence, without objection, the following documents: (1) certified copy of the deed of trust; (2) certified copy of trustee's deed from the 2014 foreclosure sale; (3) certified copy of the warranty deed conveying property from

---

[2] *See Phillips*, 2017 WL 1908621, at *1.

Nationstar to Fannie Mae; and (4) Fannie Mae's June 17, 2016 notice to vacate and demand for possession.

Phillips testified in her own defense that she was the owner of the Property, but when Nationstar foreclosed on the Property, she was in bankruptcy. She asked the trial court to stay the current litigation until this Court resolved the underlying appeal. Fannie Mae argued the deed of trust contained a tenant-at-sufferance clause; therefore, her argument regarding title of the Property did not impact the court's ability to determine possession. The trial court took the matter under advisement, but signed a judgment of possession in favor of Fannie Mae on October 19, 2016. Phillips now appeals the trial court's order granting Fannie Mae possession of the Property.

**Discussion**

Phillips is not represented by counsel on appeal. We construe liberally pro se pleadings and briefs. However, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)); *see also* TEX. R. APP. P. 38.9 (briefing rules construed liberally). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *In re N.E.B.*, 251 S.W.3d at 212.

This Court notified Phillips of several deficiencies in her original brief and she filed an amended brief correcting some, but not all, of the defects. Much of Phillips' brief seemingly reargues summary judgment and bankruptcy issues previously decided by this Court.[3] *See Phillips,* 2017 WL 1908621, at*1. Because we have previously decided these issues, we need

---

[3] For example, under "Issues Presented," she states, "Did any of the lower courts err when considering Appellant's pleadings or evidence, or granting Appellee's summary judgment?" "Is there genuine material dispute?" "Is Appellant Phillips entitled to Summary Judgment as a matter of law?" "What standards of review or evidence did the lower courts use to grant Summary Judgment to Appellees?"

not address them again. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) (initial determination of questions of law generally govern case throughout subsequent stages under "law of the case" doctrine). Moreover, the judgment and record before us involves the forcible detainer action and not the previous summary judgment proceeding.

Construing her remaining arguments liberally, Phillips contends the evidence is factually insufficient to support Fannie Mae's compliance with the notice requirements of section 24.005 of the Texas Property Code, and Fannie Mae used fraudulent measures to foreclose on the Property.

When a trial court does not issue findings of fact and conclusions of law after a bench trial, all facts necessary to support the judgment and supported by evidence are implied. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). When the appellate record includes the reporter's and clerk's record, as is the case here, these implied findings are not conclusive and may be challenged on appeal for factual sufficiency. *Id.* In reviewing factual sufficiency, we consider all the evidence in a neutral light and will set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

The only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). Whether the sale of the property under a deed of trust is invalid may not be determined in a forcible detainer and must be brought in a separate suit. *Id.*

To prevail and obtain possession in its forcible detainer action, the law required Fannie Mae to show: (1) the substitute trustee conveyed the property by deed to Fannie Mae after the foreclosure sale; (2) Phillips became a tenant-at-sufferance when the property was sold under the deed of trust; (3) Fannie Mae gave proper notice to Phillips requiring them to vacate the

premises; and (4) Phillips refused to vacate the premises. TEX. PROP. CODE ANN. §§ 24.002(a)(2), (b), 24.005; *see also U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.). Based on the unobjected-to exhibits Fannie Mae introduced at trial, Fannie Mae established its right to immediate possession of the property. *See Shutter*, 318 S.W.3d at 471 (establishing right to possession by presenting substitute trustee's deed, deed of trust showing tenant-at-sufferance status, and notice to vacate property). Phillips did not present any contrary evidence. To the extent Phillips complains about lack of notice or fraud, any such alleged errors are not relevant in an eviction suit. *See Booth v. Kondaur Capital Corp.*, No. 01-16-00188-CV, 2017 WL 444444, at *1 (Tex. App.—Houston [1st Dist.] Feb. 2, 2017, no pet.) (mem. op.) (lack of notice not relevant to an eviction suit). Moreover, she has not supported her fraud allegations with citations to any evidence in the record and our review of the record has found no such evidence other than her conclusory statements. Accordingly, the evidence is factually sufficient to support the trial court's judgment.

## Conclusion

The judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

161354F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

AGNES PHILLIPS, Appellant

No. 05-16-01354-CV     V.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-16-04279-B.
Opinion delivered by Justice Bridges.
Justices Myers and Schenck participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

     It is **ORDERED** that appellee FEDERAL NATIONAL MORTGAGE ASSOCIATION
recover its costs of this appeal from appellant AGNES PHILLIPS.

Judgment entered January 17, 2018.