**AFFIRM; and Opinion Filed July 17, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00888-CV

**JODI LYNN FEDDERSON, Appellant**

**V.**

**MTGLQ INVESTORS, LP, Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-01642-2017**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Schenck

Jodi Lynn Fedderson appeals the trial court's judgment awarding possession of certain real property to MTGLQ Investors, LP. In her first and second issues, Fedderson urges the trial court erred in finding she was given proper notice to vacate. We affirm. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

In May 2016, Misty Haven 2016 Land Trust ("Misty Haven") purchased property located at 2016 Misty Haven Lane, Plano, Texas 75093 ("property") at a junior lien foreclosure sale. Subsequently, the senior lien holder ("Lender") foreclosed on the senior lien, and in October 2016, MTGLQ Investors purchased the property at the foreclosure sale.

On February 25, 2017, Fedderson and Misty Haven entered into a lease agreement, purporting to lease the property to Fedderson. The lease agreement disclosed that Misty Haven

purchased the property subject to a superior lien and that the Lender had sold the property at a foreclosure sale in October 2016. The lease agreement also indicated Misty Haven had filed suit against the Lender claiming wrongful foreclosure, Misty Haven anticipated the lawsuit would not be resolved before the end of the lease term, and provided terms of notice and consideration in the event Misty Haven was "forced to terminate this lease early." On April 14, 2017, MTGLQ Investors sent a notice to vacate to Fedderson, informing her the property had been sold on October 4, 2016, and directing her to vacate the property within three days of the date the notice was delivered.

On April 28, 2017, MTGLQ Investors filed a petition for forcible entry and detainer against Fedderson. The case proceeded to a hearing before the justice court, which signed an order granting a default judgment, possession of the property, and court costs to MTGLQ Investors, and setting an appeal bond at $5,000. Fedderson appealed the justice court's judgment to the county court at law, where the case proceeded to a de novo review and trial. On July 27, 2017, the county court at law signed an order granting judgment for possession in favor of MTGLQ Investors. Fedderson requested and the trial court signed findings of fact and conclusions of law. Fedderson then timely filed this appeal.

## DISCUSSION

To prevail in a forcible detainer action, a plaintiff is required to demonstrate (1) a superior right to immediate possession of the property; (2) proper notice to the tenant to vacate the property; and (3) the tenant's refusal to vacate. *See* TEX. PROP. CODE ANN. §§ 24.002, 24.005; *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

In her first issue, Fedderson urges the trial court erred in finding she had been given proper notice to vacate when she had been given only three days to vacate the premises. She contends that as a residential tenant, she was entitled to at least thirty days' written notice to vacate from

MTGLQ Investors under section 24.005(b) of the property code. Her first issue is a matter of statutory construction, which is a legal question that we review de novo. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007).

Fedderson relies on the following language in section 24.005 of the property code:

> If a building is purchased at a tax foreclosure sale or a trustee's foreclosure sale under a lien superior to the tenant's lease and the tenant timely pays rent and is not otherwise in default under the tenant's lease after foreclosure, the purchaser must give a residential tenant of the building at least 30 days' written notice to vacate if the purchaser chooses not to continue the lease.

TEX. PROP. CODE ANN. § 24.005 (b). The record reflects, and MTGLQ Investors does not dispute, that Fedderson did not receive thirty days' notice. However, MTGLQ Investors points out that the beginning of section 24.005 sets forth the general rule that tenants at will or by sufferance are afforded three days' notice to vacate before the purchaser of a property may initiate eviction proceedings and that the language Fedderson relies upon is the exception to that general rule.[1] MTGLQ Investors further urges that the plain language of the statute indicates the extended notice exception applies only when the tenant has no notice of the property having been foreclosed upon.

It is undisputed that Misty Haven purchased the property through foreclosure of a junior lien. The successful bidder at a junior lien foreclosure takes title subject to the prior liens. *See*, *e.g.*, *K.C.B. Equities, Inc. v. HSBC Bank USA, Nat'l Ass'n*, No. 05-10-01648-CV, 2012 WL 1985899, at *2 (Tex. App.—Dallas June 4, 2012, no pet.) (mem. op.). Thus, Misty Haven acquired

---

[1] Below is section 24.005(b) in full:

> If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. If a building is purchased at a tax foreclosure sale or a trustee's foreclosure sale under a lien superior to the tenant's lease and the tenant timely pays rent and is not otherwise in default under the tenant's lease after foreclosure, the purchaser must give a residential tenant of the building at least 30 days' written notice to vacate if the purchaser chooses not to continue the lease. The tenant is considered to timely pay the rent under this subsection if, during the month of the foreclosure sale, the tenant pays the rent for that month to the landlord before receiving any notice that a foreclosure sale is scheduled during the month or pays the rent for that month to the foreclosing lienholder or the purchaser at foreclosure not later than the fifth day after the date of receipt of a written notice of the name and address of the purchaser that requests payment. Before a foreclosure sale, a foreclosing lienholder may give written notice to a tenant stating that a foreclosure notice has been given to the landlord or owner of the property and specifying the date of the foreclosure.

TEX. PROP. CODE ANN. § 24.005 (b).

title to the property but subject to the Lender's lien. *See id.* The record contains the deed of trust foreclosed on by the Lender, which includes provisions permitting nonjudicial foreclosure and creating a landlord and tenant-by-sufferance relationship between the Lender and Misty Haven. *See U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625–26 (Tex. App.—Dallas 2008, no pet.). As a tenant at sufferance, Misty Haven possessed no interest capable of assignment. *See Aspenwood Apartment Corp. v. Coinmach, Inc.*, 349 S.W.3d 621, 632 (Tex. App.—Houston [1st Dist.] 2011), *aff'd in part, rev'd in part on other grounds*, 417 S.W.3d 909 (Tex. 2013). Because Misty Haven could not assign any interest in the property to Fedderson, it could not grant Fedderson a tenancy to the property. *See id.* Nothing in the property code requires Fedderson be provided any particular form of notice under these circumstances. *C.f.* TEX. PROP. CODE ANN. §§ 24.001–.011. Accordingly, we overrule Fedderson's first issue.

In her second issue, Fedderson challenges the sufficiency of the evidence to support the trial court's finding that MTGLQ Investors provided her with "proper" notice to vacate. When, as here, a party attacks the legal sufficiency of an adverse finding on an issue on which she did not have the burden of proof, she must show no evidence exists to support the finding. *See Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011). When direct evidence of a vital fact exists, a legal sufficiency challenge fails. *See Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 228 (Tex. 2011). While Fedderson was not entitled to notice to vacate, the record nevertheless reflects MTGLQ Investors provided her with three days' notice to vacate. Thus, she was given notice equivalent to the notice that tenants at will or by sufferance are entitled to receive. Accordingly, there is sufficient evidence to support the trial court's finding that MTGLQ Investors gave Fedderson proper notice. *See id.* We overrule Fedderson's second issue.

–4–

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

170888F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JODI LYNN FEDDERSON, Appellant

No. 05-17-00888-CV     V.

MTGLQ INVESTORS, LP, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas
Trial Court Cause No. 005-01642-2017.
Opinion delivered by Justice Schenck, Justices Lang-Miers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MTGLQ INVESTORS, LP recover its costs of this appeal and the full amount of the trial court's judgment from appellant JODI LYNN FEDDERSON and from SUMMIT RESIDENTIAL SERVICES, LLC as surety on appellant's supersedeas bond. After the judgment and all costs of appellee MTGLQ INVESTORS, LP have been paid, the obligations of SUMMIT RESIDENTIAL SERVICES, LLC as surety on appellant JODI LYNN FEDDERSON's supersedeas bond are **DISCHARGED**.

Judgment entered this 17th day of July, 2018.