

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00275-CV

**FRANK ROBERTS, MEGAN ROBERTS AND
ALL OTHER OCCUPANTS OF 205 STARDUST TRAIL,
WAXAHACHIE, TEXAS 75165,**

                                                            **Appellants**

 **v.**

**HRL PROCUREMENT LLC AND CLAY SIBLEY,**

                                                            **Appellees**

**From the County Court at Law
Ellis County, Texas
Trial Court No. 18-C-3510**

## MEMORANDUM OPINION

In this forcible-entry-and-detainer action, appellants, Frank Roberts, Megan Roberts, and all occupants of 205 Stardust Trail, Waxahachie, Texas 75165, challenge a judgment entered in favor of appellees, HRL Procurement LLC and Clay Sibley. Because we overrule all of appellants' issues on appeal, we affirm.

# I. BACKGROUND

As evidenced by a deed of trust executed on June 29, 2015, appellants purchased the property located at 205 Stardust Trail, Waxahachie, Texas 75165. To finance the purchase, appellants borrowed $246,105 from MUSA Financial, LLC d/b/a Mortgages USA through a FHA loan.

On April 4, 2017, MUSA, the note-holder, foreclosed and sold the property to appellees at a trustee's sale for $221,401. Appellees acquired title to the property pursuant to a Substitute Trustee's Deed executed on April 20, 2017.

Thereafter, appellees attempted to evict appellants from the property. In response to these efforts, appellants filed a separate suit in the 40th Judicial District Court of Ellis County, Texas, against appellees, Loancare, LLC, American Financial Resources, Inc., and Mortgage Assistance Filing Group, LLC, asserting a claim for wrongful foreclosure and seeking to quiet title to the property.[1] Appellants also requested a temporary injunction to allow them to remain in possession of the property while their lawsuit was pending. As part of an agreed temporary injunction, appellees allowed appellants to remain in possession of the property provided that appellants made a monthly temporary injunction bond payment of $1,950 by the fifth day of each month. The parties agreed that if appellant failed to make any payment on time, appellees could notify the trial court

---

[1] We provide detailed information about the suit for wrongful foreclosure and to quiet title to the property because, as explained later, appellants' appellate complaints are directed at this lawsuit, not the forcible-entry-and-detainer suit at issue in this appeal.

and request a dissolution of the agreed temporary injunction to allow appellees the right to proceed with evicting appellants from the property.

In March 2018, appellants tendered a check for their monthly bond payment; however, the check was rejected for insufficient funds. When the check finally cleared, appellants' bond payment was late. Therefore, in April 2018, appellees filed a motion to dismiss appellants' lawsuit for want of prosecution or to dissolve the agreed temporary injunction. Appellants also failed to make their May 2018 bond payment.

On May 22, 2018, the 40th Judicial District Court entered an order authorizing appellees to proceed with eviction proceedings to recover possession of the property in question. The trial court also noted that "an eviction proceeding will determine only the right of possession. The determination of that issue by a justice court will in no way prejudice Plaintiffs' claim that the foreclosure sale should be set aside and title should be vested again in Plaintiffs."

In accordance with paragraph 18 of the original deed of trust signed by appellants, on May 24, 2018, appellees provided appellants written notice that their continued occupancy of the premises had been as tenants at sufferance and requested that appellants vacate the premises no later than 5:00 p.m. on Sunday, May 27, 2018.[2] This notice was hand-delivered to appellants on May 24, 2018.

---

[2] Paragraph 18 of the original deed of trust signed by appellants provided the following, in relevant part:

Appellants refused to surrender possession of the property to appellees. Thus, on May 31, 2018, appellees filed this forcible-entry-and-detainer suit against appellants in the Justice of the Peace Court, Precinct 2, of Ellis County. On June 15, 2018, the justice court entered a judgment for possession in favor of appellees. Thereafter, appellants appealed the justice court's decision to the County Court at Law No. 1 of Ellis County.

Appellants did not attend the de novo trial conducted on August 7, 2018, nor did they offer any testimony or evidence at the trial. Rather, appellants' attorney simply made arguments and objections.

At the conclusion of the trial, the trial court entered a judgment in favor of appellees, specifically concluding that appellees shall receive judgment for possession of the premises and ordering that a writ of possession be granted to place appellees in possession of the property. The trial court also: (1) ordered appellants to pay a monthly bond of $1,950 during the pendency of this appeal to be deposited in the court's registry; and (2) entered findings of fact and conclusions of law. This appeal followed.

---

**If the property is sold pursuant to paragraph 18 [Foreclosure Procedure], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.**

(Emphasis in original).

## II.    THE TRIAL COURT'S EVIDENTIARY RULINGS

In their first issue, appellants complain that the trial court abused its discretion by admitting over objection:  (1) an affidavit executed by Rudy Gonzalez in support of the Substitute Trustee's Deed; and (2) the 40th Judicial District Court's May 22, 2018 order authorizing appellees to pursue eviction proceedings.  Specifically, appellants contend that Gonzalez's affidavit "is plain hearsay, self-serving, and conclusory in paragraphs 4, 5, and 6."  Appellants challenge the admission of the May 22, 2018 order on relevance grounds.

### A.    Applicable Law

The admission or exclusion of evidence rests in the sound distraction of the trial court and will not be disturbed absent an abuse of that discretion.  *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).  In determining whether there was an abuse of discretion, we must ascertain whether the trial court acted without reference to any guiding rules and principles.  *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

For the admission or exclusion of evidence to constitute reversible error, the complaining party must show that:  (1) the trial court committed error; and (2) the error probably caused the rendition of an improper judgment.  TEX. R. APP. P. 44.1; *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009).  We review the entire record to determine if the error probably resulted in the rendition of an improper judgment.  *Cent.*

*Expressway Sign Assocs.*, 302 S.W.3d at 870. Typically, a successful challenge to a trial court's evidentiary ruling requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995).

**B.     Discussion**

First, appellants complain about appellees' Exhibit 2, which is the Substitute Trustee's Deed and an accompanying affidavit executed by Gonzalez. In his affidavit, Gonzalez stated:

> 2.  I am making this affidavit based upon certain records maintained within the firm's files in the regular course of business, which may include images of notices, certified mail forms, the signed Substitute Trustee's Deed, title searches, and other documents and records obtained and maintained in the usual course of business. Together with my general knowledge of mortgage servicer practices for referring foreclosure matters to the firm, the statements and information shown in these records form the basis for the following statements made in this affidavit, which to the best of my knowledge and belief are true.
>
> . . .
>
> 4.  The Mortgagee, through the Mortgage Servicer declared that the Grantor [appellants] defaulted in performing the obligations of the Deed of Trust and lawfully performed service of a proper notice of default and other obligations and duties of the Mortgage Servicer.
>
> 5.  All notices of acceleration were served on each debtor obligated on the debt according to records obtained from the Mortgage Servicer by certified mail at the last known address of each such debtor in accordance with law. Based upon these records, each mortgagor was alive at the time of the foreclosure sale or if deceased, title was restored to the debt owner

through a court judgment, or an underwriter's approval letter obtained, or the statute of limitations to file a probate action has passed and no probate action was filed.

6. At the instructions and on behalf of the Mortgage Servicer, Notices stating the time, place and terms of sale of the property were mailed, posted and filed in accordance with law. Notices were served on each debtor obligated on the debt according to records obtained from the Mortgage Servicer by certified mail at the last known address of each such debtor at least twenty one (21) days before the date of the sale.

At trial, appellants objected that Gonzalez's affidavit contained inadmissible hearsay and was conclusory. The trial court overruled appellants' objection, but noted that "little weight" was given "to the actual facts stated in the statements of facts" of Gonzalez's affidavit.

The second piece of evidence challenged on appeal by appellants is Exhibit 4—a certified copy of the 40th Judicial District Court's May 22, 2018 order. At trial and on appeal, appellants objected to this document on relevance grounds.

Assuming, without deciding, that the trial court abused its discretion by admitting Exhibits 2 and 4 at trial, we cannot say that appellants have adequately explained how the admission of this evidence caused the rendition of an improper judgment. In fact, without explaining further, appellants merely argue that the purportedly erroneous evidentiary ruling resulted in the rendition of an improper judgment because admission of this evidence "is crucial to the key issue of whether Appellees were entitled to possession of the Property."

We initially note that the trial court stated on the record that "little weight" was given to Gonzalez's affidavit. More importantly, the sole issue in a forcible-detainer suit is who has the right to immediate possession of the premises. *See* TEX. R. CIV. P. 510.3(e); *see also Aguilar v. Weber*, 72 S.W.3d 729, 732 (Tex. App.—Waco 2002, no pet.). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.).

To prevail and obtain possession in their forcible-detainer action, the law requires appellees to show: (1) the substitute trustee conveyed the property by deed to appellees after the foreclosure sale; (2) the deed of trust signed by appellants established a landlord-tenant relationship between appellants and appellees; (3) appellees gave proper notice to appellants to vacate the premises; and (4) appellants refused to vacate the premises. *U.S. Bank Nat'l Assoc. v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.); *see* TEX. PROP. CODE ANN. §§ 24.002(a)(2), (b), 24.005 (West 2014 & Supp. 2018).

Furthermore, the First Court of Appeals has mentioned the following in a substantially-similar situation:

> A plaintiff in a forcible detainer action is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. Under well-settled law, a deed of trust that establishes a landlord-tenant relationship between the borrower and the purchaser of the property at the foreclosure sale demonstrates such a superior right to possession. . . .

The deed of trust makes Bierwirth a tenant at sufferance in the event of foreclosure if she fails to surrender possession of the property. Although Bierwirth disputes the propriety of the foreclosure, there is no dispute that HSBC did foreclose and that Bierwirth failed to surrender the property. Thus, Bierwirth became a tenant at sufferance, and this landlord-tenant relationship gives AH4R a basis for its forcible detainer action independent of its claim to title in the property. The justice court and county court therefore did not need to determine whether HSBC satisfied all conditions precedent to the tenancy-at-sufferance clause or properly executed the foreclosure sale.

*Bierwirth v. AH4R I TX, LLC*, No. 01-13-00459-CV, 2014 Tex. App. LEXIS 11925, at **11-13 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014, no pet.) (mem. op.).

The evidence complained about in this issue was not essential in this forcible-detainer action. Indeed, the portions of Gonzalez's affidavit and the May 22, 2018 order about which appellants complain are more relevant to appellants' wrongful-foreclosure suit, not this forcible-detainer action. Accordingly, we cannot say that appellants have demonstrated that the trial court's purportedly erroneous evidentiary ruling with regard to Exhibits 2 and 4 caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1; *see also Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870; *Able*, 35 S.W.3d at 617; *Alvarado*, 897 S.W.2d at 753-54. Therefore, any error in this issue is harmless. *See* TEX. R. APP. P. 44.1; see also *Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870; *Able*, 35 S.W.3d at 617; *Alvarado*, 897 S.W.2d at 753-54. We overrule appellants' first issue.

### III. APPELLANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

In their second issue, appellants assert that the trial court erred by denying their motion for judgment as a matter of law. Appellants argue that there is no evidence that

the condition precedent under the deed of trust was satisfied and appellants are tenants at sufferance and that appellees' notice to vacate is defective as a matter of law.

## A.    Applicable Law

At trial, appellants moved for judgment in the form of a directed verdict. We review the grant or denial of a directed verdict under the same standard that we review a legal-sufficiency point. *See U.S. Invention Corp. v. Betts*, 495 S.W.3d 20, 23 (Tex. App.—Waco 2016, pet. denied). In reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). To sustain a legal-sufficiency challenge, we must find that: (1) there is a complete lack of evidence of a vital fact; (2) the court is barred by the rules of evidence or law from giving weight to the only evidence offered to prove a vital fact; (3) there is no more than a mere scintilla of evidence to prove a vital fact; or (4) the evidence conclusively establishes the opposite of a vital fact. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 903 (Tex. 2004).

A directed verdict is proper when: (1) a defect in the opponent's pleading makes the pleading insufficient to support a judgment; (2) the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law; or (3) the evidence offered on a cause of action is insufficient to raise an issue of fact. *Encina P'ship v. Corenergy, L.L.C.*, 50 S.W.3d 66, 68 (Tex. App.—Corpus Christi 2001, pet. denied). The

trial court should enter a directed verdict when reasonable minds can only draw one conclusion from the evidence. *Vance v. My Apartment Steak House of San Antonio, Inc.*, 677 S.W.2d 480, 483 (Tex. 1984).

## B. Discussion

Relying on paragraph 18 of the deed of trust, appellants complain about the foreclosure process. In particular, appellants assert that appellees did not provide "required notices of default, opportunity to cure, intent to accelerate, right to reinstate post-acceleration, and notice of trustee's sale" before foreclosing.

As noted above, the sole issue in a forcible-detainer action involves who has the right to immediate possession of the premises. *See* TEX. R. CIV. P. 510.3(e); *Aguilar*, 72 S.W.3d at 732. Thus, the propriety of the foreclosure sale is not at issue in this forcible-detainer action. Moreover, the deed of trust made appellants tenants at sufferance in the event they refused to surrender the property after a foreclosure sale. There is no dispute that the property was sold at a foreclosure sale and that appellants refused to surrender the property. As such, appellants became tenants at sufferance, and this landlord-tenant relationship gave appellees a basis for their forcible-detainer action independent of any claim to title in the property. *See* TEX. R. CIV. P. 510.3(e); *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) (holding that allegations concerning defects in the foreclosure process or with title to the property "are not relevant in [a] forcible detainer action."); *Aguilar*, 72 S.W.3d at 732; *see also Bierwirth*, 2014 Tex.

App. LEXIS 11925, at **11-13. Accordingly, the trial court did not need to determine the propriety of the foreclosure sale or the satisfaction of all conditions precedent to the tenancy-at-sufferance clause in this forcible-detainer action. *See* TEX. R. CIV. P. 510.3(e); *Williams*, 315 S.W.3d at 927; *Aguilar*, 72 S.W.3d at 732; s*ee also Bierwirth*, 2014 Tex. App. LEXIS 11925, at **11-13.

Next, appellants argue that appellees' notice to vacate is defective as a matter of law because the letter only gave appellants two-and-a-half days' notice. We are not persuaded by this argument.

Section 24.005(b) of the Property Code provides the following:

If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least *three days' written notice to vacate before the landlord files a forcible detainer suit* unless the parties have contracted for a shorter or longer notice period in a written lease or agreement.

TEX. PROP. CODE ANN. § 24.005(b) (emphasis added). In this case, the record reflects that appellees provided written notice to vacate on May 24, 2018. This notice was hand-delivered to appellants on the same date. Moreover, the record further reflects that appellees did not file this forcible-detainer suit until May 31, 2018—seven days after written notice to vacate was provided to appellants. This comports with section 24.005(b). *See id.* Accordingly, we cannot say that the record demonstrates that appellees' notice to vacate is defective as a matter of law. *See id.* And based on the foregoing, we cannot conclude that the trial court erred by failing to direct a verdict in appellants' favor.

*See City of Keller*, 168 S.W.3d at 822; *Ramirez*, 159 S.W.3d at 903; *Betts*, 495 S.W.3d at 23; *Encina P'ship*, 50 S.W.3d at 68.  We overrule appellants' second issue.

### IV.    THE ISSUES OF POSSESSION AND TITLE

In their third issue, appellants contend that the issue of possession is intertwined with the issue of title; therefore, the county court had no jurisdiction to award possession at all.  We disagree.

As mentioned earlier, it is not necessary for appellees to prove the validity of the underlying foreclosure or defend the Substitute Trustee's Deed to establish superior right of possession in this forcible-detainer suit.  *See* TEX. R. CIV. P. 510.3(e); *Williams*, 315 S.W.3d at 927; *Aguilar*, 72 S.W.3d at 732; s*ee also Bierwirth*, 2014 Tex. App. LEXIS 11925, at **11-13.  Instead, the record need only reflect that a foreclosure took place and that appellants failed to surrender the property.  *See* TEX. R. CIV. P. 510.3(e); *Williams*, 315 S.W.3d at 927; *Aguilar*, 72 S.W.3d at 732; s*ee also Bierwirth*, 2014 Tex. App. LEXIS 11925, at **11-13.  Other than arguing that the underlying foreclosure sale was unlawfully conducted in violation of the deed of trust, appellants do not direct us to evidence demonstrating that the right of possession depends upon the resolution of a question of title, thus depriving the justice court and the county court of jurisdiction.  We therefore conclude that the issue of possession is not so intertwined with the issue of title so as to deprive the county court of jurisdiction; indeed, this forcible-detainer suit may proceed concurrently with appellants' suit in district court seeking to quiet title and set aside the

foreclosure. *See Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 34 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("The existence of a landlord-tenant relationship provides a basis for the court to determine the right to immediate possession without resolving the question of title."); *see also Bierwirth*, 2014 Tex. App. LEXIS 11925, at **10-11 ("[I]f the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title. If the issues are so intertwined, then neither the justice court nor the county court on appeal had jurisdiction over AH4R's forcible detainer claim. Whether an existing title dispute in another court deprives the justice and county courts of jurisdiction to adjudicate possession in forcible-detainer actions generally turns on whether there is a basis—independent of the claimed right of title—for the plaintiff's claim of superior possession rights in the property. Among other ways, AH4R could establish such an independent basis by showing the existence of a landlord-tenant relationship." (internal quotations & citations omitted)). Accordingly, we overrule appellants' third issue.

## V.    CONCLUSION

We affirm the judgment of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed April 10, 2019
[CV06]

