

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00181-CV

———————————————

JINNEAN K. ASKEW, Appellant

V.

MENA HOMES, INC., Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2019-000666-1

---

Before Kerr, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

In four points, Appellant Jinnean K. Askew appeals from the trial court's judgment awarding possession of real property to Appellee Mena Homes, Inc. We will affirm.

### I.
### Background

In October 2007, Askew executed a deed of trust in Overland Mortgage, L.P.'s favor to secure the repayment of a promissory note that she used to purchase the property. Among other provisions, the deed of trust provided that if the property was sold at a nonjudicial foreclosure sale, Askew was required to immediately surrender possession of the property to the purchaser. If she did not, she would become a tenant at sufferance.

After Askew defaulted, Midfirst Bank, the then-mortgagee, accelerated the debt and gave notice that the property would be sold at a foreclosure sale on August 7, 2018. Four days before the scheduled sale, a Tarrant County District Court signed a temporary restraining order restraining Midfirst Bank from foreclosing on the property. Despite the restraining order, Midfirst Bank conducted the foreclosure sale as scheduled. Mena Homes bought the property at the sale.

On November 30, 2018, Mena Homes made a written demand for possession of the property that gave Askew three days' notice to vacate. *See* Tex. Prop. Code Ann. §§ 24.002(b), .005(b). When Askew refused to vacate the property, Mena Homes

filed a forcible-detainer suit in justice court. *See id.* § 24.002; Tex. R. Civ. P. 510.3; *see also* Tex. R. Civ. P. 510.1 ("Rule 510 applies to a lawsuit to recover possession of real property under Chapter 24 of the Texas Property Code."). The justice court awarded possession of the property to Mena Homes. Askew appealed to county court. *See generally* Tex. R. Civ. P. 510.9–.10.

During the bench trial de novo, Askew's counsel conceded that the district-court clerk never issued the temporary restraining order. *See* Tex. R. Civ. P. 688. The trial court admitted into evidence the underlying deed of trust, the substitute trustee's deed conveying the property to Mena Homes, Mena Homes' demand for possession, and the temporary restraining order. Mena Hakin, Mena Homes' representative, testified that Mena Homes had purchased the property at the foreclosure sale and that he had directed his attorney to send the written demand for possession to Askew. After the trial, the county court signed a final judgment awarding Mena Homes possession of the property. Askew has appealed.

## II.
## Applicable Law

A tenant at sufferance commits a forcible detainer when she refuses to surrender possession of real property on written demand by the person entitled to possession of that property. *See* Tex. Prop. Code Ann. § 24.002. A plaintiff in a forcible-detainer suit can establish "the superior right to immediate possession by establishing the fact of a foreclosure pursuant to a deed of trust that created a tenancy

3

at sufferance after the foreclosure." *Martinez v. Cerberus SFR Holdings, L.P.*, No. 02-19-00076-CV, 2019 WL 5996984, at \*2 (Tex. App.—Fort Worth Nov. 14, 2019, no pet. h.) (mem. op.) (citing *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625–26 (Tex. App.—Dallas 2008, no pet.)); *see Bierwirth v. AH4R I TX, LLC*, No. 01-13-00459-CV, 2014 WL 5500487, at \*5 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014, no pet.) (mem. op.).

The only issue the trial court determines in a forcible-detainer action is the right to actual and immediate possession of the property. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). To prevail in such an action, a plaintiff is not required to prove title; it is required only to show sufficient evidence of ownership demonstrating a superior right to immediate possession of the property. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). Defects in title or in the foreclosure process cannot be determined in a forcible-detainer action. *E.g.*, *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) ("Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible[-]detainer action."); *see* Tex. R. Civ. P. 510.3(e) (stating that in a forcible-detainer action, "[t]he court must adjudicate the right to actual possession and not title"). "The arena to challenge the propriety of a foreclosure" is not in a forcible-detainer action but "in a separate suit for wrongful foreclosure or to set aside a substitute trustee's deed." *Martinez*, 2019 WL 5996984, at

4

*3; *Trimble v. Fed. Nat'l Mortg. Ass'n*, 516 S.W.3d 24, 29 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (stating that "[t]he validity of the foreclosure sale can be challenged in an adjudication of title regardless of the resolution of the forcible-detainer action; parties 'have the right to sue in the district court to determine whether the trustee's deed should be cancelled, independent of the award of possession of the premises in the forcible[-]detainer action'" (quoting *Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j)))); *Williams*, 315 S.W.3d at 927 (stating title and foreclosure-process defects "may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in [a] forcible[-]detainer action"). When, as here, "a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property." *Reardan v. Fed. Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *3 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.).

### III.
### Analysis

In four points, Askew argues that the trial court erred by awarding possession of the property to Mena Homes because (1) Mena Homes' presuit demand for possession was insufficient, (2) Mena Homes lacked standing to bring its forcible-detainer claim, (3) the substitute trustee's deed conveying the property to Mena

5

Homes was invalid, and (4) Mena Homes failed to prove that it was entitled to rely on the tenancy-at-sufferance language in the deed of trust.

Askew's first three points are primarily based on challenges to the form of the affidavit attached to the substitute trustee's deed. She claims that Mena Homes "never demonstrated its true entitlement to claim a superior right of possession" because the affidavit attached to the substitute trustee's deed was not made on personal knowledge. *See* Tex. Prop. Code Ann. § 51.002(e) ("The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service [of notices of default and foreclosure sale]."). In her first point, Askew contends that (1) the foreclosure sale was held in violation of the temporary restraining order and (2) the affidavit attached to the substitute trustee's deed conveying the property to Mena Homes was not prima facie evidence "of the matters recited therein" because it was "not made on personal knowledge but on examination of records and the affiant's claimed 'general knowledge.'" *See id.* Thus, Askew argues, Mena Homes did not have a superior right of possession of the property, and its presuit demand for possession was thus insufficient. *See id.* § 24.002(b) ("The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005.").[1]

---

[1]Askew does not challenge the form or the timing of the notice to vacate. *See* Tex. Prop. Code Ann. § 24.005 ("Notice to Vacate Prior to Filing Eviction Suit.").

6

In her second point, Askew complains that the substitute trustee's deed conveying the property to Mena Homes "is not entitled to be treated as *prima facie* evidence of a conveyance" because the affidavit attached to the substitute trustee's deed was not made by "a person averring from their own personal knowledge that there was compliance with [Section 51.002(b) and (d)]" and was thus not entitled to the evidentiary presumption Section 51.002(e) provides. *See id.* § 51.002(b) (requiring written notice of foreclosure sale), (d) (requiring written notice of default and opportunity to cure), (e) ("The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service [of notices required under section 51.002]."). Askew asserts that because of the deficiencies, Mena Homes lacked standing to "claim title to the real property in question" and had no authority to "make the statutorily required pre-suit demand for possession." Similarly, in her third point, Askew asserts that the substitute trustee's deed "was not entitled to a presumption of validity" because the affidavit attached to it was not made on personal knowledge. *See id.* § 51.002(b), (d), (e).

We have recently rejected virtually identical arguments based on challenges to the sufficiency of an affidavit attached to a substitute trustee's deed in a forcible-detainer action because an attack on the affidavit's sufficiency goes to the validity of the foreclosure and sale of the property, which cannot be raised in a forcible-detainer suit. *See Martinez*, 2019 WL 5996984, at *3–8; *see also Couch v. Fed. Home Loan Mortg. Corp.*, No. 02-10-00261-CV, 2011 WL 1103684, at *2 (Tex. App.—Fort Worth Mar.

7

24, 2011, no pet.) (mem. op.). We likewise reject the arguments made here. And because defects in title or in the foreclosure process cannot be raised in a forcible-detainer case, we similarly reject Askew's argument regarding the sale's violating the temporary restraining order. *See Martinez*, 2019 WL 5996984, at *3; *Trimble*, 516 S.W.3d at 29; *Williams*, 315 S.W.3d at 927.

Here, Mena Homes established its superior right to immediate possession through the substitute trustee's deed and deed of trust, which together "establish[ed] the fact of a foreclosure pursuant to the deed of trust that created a tenancy at sufferance after the foreclosure." *Martinez*, 2019 WL 5996984, at *2 (citing *Freeney*, 266 S.W.3d at 625–26 ("The foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship between appellee and appellant, and that landlord-tenant relationship provides a basis for determining the right to immediate possession.")). We thus overrule Askew's first, second, and third points.

In her final point, Askew complains that Mena Homes "failed to tender evidence that [it] was entitled to rely on the 'tenancy at sufferance' language" in the deed of trust and "was not in privity of contract with Askew in regard to the claimed lien instrument" because there was no "proof of connection" between Overland Mortgage, the original lender, and Midfirst Bank, the mortgagee at the time of foreclosure. But we have recently stated that "[t]he fact that the lender in the Deed of Trust does not match the holder identified in the Substitute Trustee's Deed . . . presents a question of title" and "does not undermine the showing of

superior right to possession accorded Appellee because it was the grantee in the Substitute Trustee's Deed." *Martinez*, 2019 WL 5996984, at *8 (citing *Deubler v. Bank of N.Y. Mellon*, No. 02-10-00125-CV, 2011 WL 1331540, at *2 (Tex. App.—Fort Worth Apr. 7, 2011, no pet.) (mem. op.) (holding that party was not required to present evidence establishing connection between deed of trust and substitute trustee's deed to establish superior right to possession)). We thus overrule Askew's fourth point.[2]

### IV.
### Conclusion

Having overruled Askew's four points, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: February 6, 2020

---

[2]In the last sentence of her fourth point, Askew states that Mena Homes "never attempted to establish in any fashion that the real property in question was still occupied by Askew after demand for possession." Askew's appealing the justice court's judgment depriving her of possession is some evidence that she was in possession of the property at the time of trial and had refused to vacate the property despite Mena Homes' demand. *See Martinez*, 2019 WL 5996984, at *9 (citing *Martin v. Fed. Nat'l Mortg. Ass'n*, No. 05-13-00648-CV, 2014 WL 3057389, at *5 (Tex. App.—Dallas July 7, 2014, no pet.) (mem. op.)).